**HARBOUR HEIGHTS DEVELOPMENT, INC., Appellant,**

v.

**Harry SEABACK et al., Appellees.**

**No. B2155.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 5, 1980.

Ross A. Sears, Houston, for appellant.

Donald R. Sallean, Houston, for appellees.

Before COULSON, SALAZAR and JU-NELL, JJ.

SALAZAR, Justice.

This is an appeal from a summary judgment on a suit instituted by appellees Harry Seaback, Ronald B. Pruitt and Joe Schero to recover money damages for default on the payment of a promissory note executed by appellant Harbour Heights Development, Inc. We affirm.

Appellant affirmatively claimed the defenses of failure of consideration and fraudulent inducement. At the hearing on the motion for summary judgment on November 13, 1978, the trial court announced that defendant's opposition to plaintiffs' motion for summary judgment and the attached affidavit were not timely filed and would not be considered. Summary judgment was orally granted for plaintiffs, and the judgment was subsequently signed on December 15.

On November 22, appellant filed a motion for leave of court to file an amended opposition to plaintiffs' motion for summary judgment and attached an affidavit. A hearing on these motions was scheduled for January 8, but the motions were passed. On January 9, appellant filed its motion to set aside judgment, and on January 22 that motion was heard and overruled.

We note that the trial court lost jurisdiction over the case on or about January 14, 1979, thirty days after the judgment was signed. Tex.R.Civ.P. 329b. Therefore, the only question appellant may now raise to this court is whether the trial court erred in granting summary judgment for appellees on the evidence which was before the court at the hearing November 13.

In reviewing the propriety of a summary judgment, the appellate court considers whether the summary judgment proof establishes as a matter of law that there is not a genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex. 1970). At the November 13th hearing, appellant's only summary judgment proof was his pleadings and an affidavit. The facts sworn to in the affidavit constituted legal conclusions and were therefore improper proof, and pleadings alone do not constitute summary judgment proof. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex,1971). Therefore, the court had before it no evidence on which to deny summary judgment to plaintiffs.

As to the hearing scheduled for January 22nd on the motion to set aside judgment, it was incumbent upon appellant to get the judgment set aside before the court lost jurisdiction. Appellant failed to do so, and the record does not reflect that the court denied him the opportunity.

The trial court's judgment is affirmed.