AMERICANA MOTEL, INC., Petitioner,

v.

Daniel K. JOHNSON, Respondent.

No. B-9755.

Supreme Court of Texas.

Dec. 3, 1980.

Lloyd, Ellzey & Lloyd, Thomas C. Wheat, Alice, for petitioner.

Daniel K. Johnson, pro se.

PER CURIAM.

The only point before us is whether an issue of fact has been raised so as to preclude summary judgment. The evidence before the trial judge at the summary judgment hearing consisted of the sworn pleadings of each party, an affidavit by the manager of the Americana Motel in support of its motion, and the Motel's answers to interrogatories and request for admissions. The court of civil appeals reversed the summary judgment for the Motel, and remanded for trial. 604 S.W.2d 293.

Sworn pleadings are not summary judgment evidence in Texas, *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540, 545 (Tex.1971); nor are denials to a request for admissions. *Oliver v. Allstate Insurance Company*, 456 S.W.2d 558, 560 (Tex.Civ.App.–Dallas 1970, writ dism'd w.o.j.); *Sandone v. Dallas Osteopathic Hospital*, 331 S.W.2d 476, 479 (Tex.Civ.App.–Amarillo 1959, writ ref'd n.r.e.). The Motel manager's affidavit contains a clear, positive, direct, and credible denial of any dealings with Johnson, and is free from any contradictions and inconsistencies elsewhere in the record. There being no other evidence before the trial court, summary judgment was correctly entered for the Motel.

We regard the holding of the court of civil appeals to be in conflict with *Hidalgo, supra*, and with *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company*, 391 S.W.2d 41, 47 (Tex.1965), which holds that uncontroverted testimony by an interested party may support a summary judgment if it is "clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony." Accordingly, the writ of error is granted, and pursuant to Rule 483 of the Texas Rules of Civil Procedure, we reverse the judgment

of the court of civil appeals without hearing argument, and affirm the judgment of the trial court.