**BETA SUPPLY, INC., Appellant,**

v.

**G.E.A. POWER COOLING SYSTEMS, INC., Appellee.**

No. 01–87–00800–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 24, 1988.

Jeffrey Gelb, Joseph F. Manak, Houston, for appellant.

Jon C. Pfenning, Reid, Strickland & Gillette, James W. Girardeau, Zorn & Girardeau, Baytown, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

OPINION

WARREN, Justice.

This is an appeal from a summary judgment granted in favor of appellee in its suit for removal of a mechanic's and materialman's lien on property owned by Houston Lighting and Power Company ("H.L. & P.").

Appellee was the general contractor on a project located at the H.L. & P. Generating

Plant located in Chambers County. Appellant supplied labor or materials to Energy Link Industries, Inc., a subcontractor of appellee. When Energy Link Industries failed to pay for the labor or materials, appellant filed a mechanic's and materialman's lien against property held by H.L. & P.

Appellee sued for the removal of the lien, based upon appellant's alleged failure to give it notice of the unpaid debt as required by Tex.Prop.Code Ann. § 53.056 (Vernon 1985). The trial court granted appellee's motion for summary judgment and declared that appellant's lien was void. However, appellee's summary judgment allegations vary from the allegation in its original petition that appellant "failed to validly perfect its claim pursuant to § 53.056(b) of the Texas Property Code, *except for those materials provided after June 30, 1986,*" which amounted to $370.15. (Emphasis added.)

Appellee's affiant to its summary judgment affidavit was Dr. Gerhard Hesse, its president. Appellant contends that Dr. Hesse's testimony raises only a fact issue and is insufficient to support a summary judgment. Among other things, Dr. Hesse testified that appellant received notice of the unpaid invoices on September 18, 1986, and that no notice of appellant's unpaid invoices was received by appellee before the 36th day following the 10th day of the month after the month in which the materials were delivered, with the exception of $370.15. The lien affidavit itself shows that the last material was delivered on July 10, 1986, which would require notice to appellee not later than September 15, which in turn would show that timely notice was not given on any of the invoices. However, Hesse's timely notice of $370.15 of the unpaid invoices precludes summary judgment as to that amount. Though Hesse was an interested witness, his testimony, except as to the $370.15 claim, was clear, direct, and positive, with no circumstances in evidence tending to discredit or impeach such testimony. As such, the testimony will support a summary judgment. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.

1972); *A & S Elec. Contractors, Inc. v. Fischer,* 622 S.W.2d 601 (Tex.App.—Tyler 1981, no writ).

Appellant's response to the motion contended that it delivered goods after June 30, 1986, that amounted to more than $370.15, and that it gave the proper notice of charges incurred prior to that date.

The affidavit of the president of Beta Supply, Bobby Goldsmith, was insufficient to controvert appellee's summary judgment evidence that proper notice was not given to perfect appellant's lien prior to June 30, 1986. The affidavit stated merely that proper statutory notice was given to Energy Link Industries, which Goldsmith believed to be the agent and/or alter ego of appellee. No facts were alleged or exhibits were offered in support of his contention. A legal conclusion in an affidavit is insufficient to raise an issue of fact in response to a motion for summary judgment. *Jon Mercer v. Daoran Corp.,* 676 S.W.2d 580, 583 (Tex.1984).

Appellee did not amend its petition or its affidavit to allege that no part of appellant's lien was perfected. Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764 (Tex. 1983). As long as pleadings remain unamended or admissions stand unretracted, facts alleged or admitted are accepted as true by both court and jury and are binding on the party making them, and the pleader cannot introduce evidence to contradict them. *De La Fuente v. Home Sav. Ass'n.,* 669 S.W.2d 137, 145 (Tex.App.—Corpus Christi 1984, no writ).

Appellee is bound by the admission in its pleading that appellant's lien was perfected on materials provided after June 30, 1986. It was therefore error for the court to grant summary judgment declaring appellant's entire lien to be void.

That portion of the summary judgment removing the lien for those materials delivered after June 30, 1986, in the amount of $370.15, is reversed, and the cause is remanded for a new trial as to that issue;

otherwise, the summary judgment is affirmed.