Yvonne Ruth LOPEZ, Appellant,

v.

Dr. B.W. HINK, Appellee.

No. C14-86-783-CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 11, 1988.

Valorie W. Davenport, Robert F. Stein, Houston, for appellant.

T. Scott Allen, Jr., Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

## OPINION

JUNELL, Justice.

This is a medical malpractice case. Yvonne Ruth Lopez sued Dr. B.W. Hink for damages for negligence allegedly occurring in connection with surgery performed on Lopez by Dr. Hink on August 13, 1980. The last time Dr. Hink saw, treated or examined Lopez was on March 2, 1981. Suit was filed on December 27, 1985. Dr. Hink filed a motion for summary judgment based solely on the ground that Lopez's suit was barred by the two-year statute of limitations, TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1988). The motion for summary judgment was granted. Lopez appeals.

Appellant's sole point of error is that the trial court erred in granting appellee's motion for summary judgment. Appellant's

principal contention is that appellee is estopped from relying on the limitations defense because of his fraudulent concealment of certain facts that he had a duty to disclose to appellant.

In the summer of 1980, when appellant was eighteen years of age, she visited her family doctor, Dr. J.A. Piskie, for a physical examination prior to entering college. For some years appellant had neurofibromatosis and had had benign neurofibromas removed. While examining appellant, Dr. Piskie suspected a mass in her right lower abdominal area and referred her to Dr. B.W. Hink, a surgeon. Dr. Hink advised appellant that surgery was necessary. Appellant consented to the surgery. During the operation no biopsy of the neurofibroma was done to determine whether the growth was malignant. According to Dr. Hink, a frozen section was not done by the pathologist, who preferred to wait for multiple permanent sections.

After the surgery was completed, Dr. Hink told appellant that her surgery was necessary and that in order to remove the neurofibroma it had been necessary to cut and sacrifice the femoral nerve.

In appellant's affidavit, attached to her response to Dr. Hink's motion for summary judgment, she stated that following the surgery Dr. Hink failed to tell her that the growth he had removed was in fact benign and not malignant. In responding to Dr. Hink's motion for summary judgment, appellant contended that Dr. Hink's failure to tell her that the growth removed by him was benign constituted fraudulent concealment which estopped him from relying on the limitations defense.

In *Borderlon v. Peck*, 661 S.W.2d 907 (Tex.1983) the supreme court held that art. 4590i, § 10.01 did not abolish fraudulent concealment as an equitable estoppel to the affirmative defense of limitations under that statute. However, it was appellant's burden to come forward with summary judgment proof raising an issue of fact with respect to fraudulent concealment. *Nichols v. Smith*, 507 S.W.2d 518 (Tex. 1974).

Therefore, this court must determine whether the summary judgment proof raised a fact issue concerning fraudulent concealment by Dr. Hink.

The summary judgment proof established the following:
1. After the August 13, 1980 surgery Dr. Hink informed appellant that her right femoral nerve had been cut and sacrificed during the surgery.
2. After the surgery Dr. Hink told appellant that the cutting of the femoral nerve was a necessary result of her condition and that the removal of the neurofibroma by the surgery was necessary.
3. After the surgery appellant could not use her right leg.
4. By January of 1981 appellant knew she had right femoral nerve palsy and knew that it was the result of Dr. Hink's surgery.

Appellee argues that this summary judgment proof established his limitations defense as a matter of law. He contends there was no concealment by him.

■ Appellant contends there was concealment and that it was fraudulent. In her written response to the motion for summary judgment appellant expressly relies on her pleadings, her attached affidavit and an unverified report from Dr. Kurt Weiss, the pathologist, as summary judgment proof of fraudulent concealment. Clearly, appellant's pleadings do not constitute summary judgment proof. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). In her affidavit appellant stated that after the surgery Dr. Hink never told her that the growth he had removed was benign. The only proof that the growth in fact was benign is a copy of the report of Dr. Kurt Weiss, the pathologist. This report was attached as an exhibit to appellant's response to Dr. Hink's motion for summary judgment. Dr. Weiss's report was not sworn to or certified in any way; therefore, it does not constitute summary judgment proof that the growth removed by Dr. Hink was benign.

■ Also, there is no summary judgment proof that if the growth that was removed

was benign it should not have been removed if removal required the cutting or sacrifice of the femoral nerve. There is no summary judgment proof that because the growth was benign the cutting or sacrifice of the femoral nerve was unnecessary. Appellant makes these contentions in her response to Dr. Hink's motion for summary judgment, but her only proof is the hearsay statement in her affidavit that Dr. Vincent Riccardi in May of 1985 told her that her femoral nerve had been cut unnecessarily, that it was not a necessary consequence of her neurofibromatosis and that her problem with her right leg need not have occurred. These hearsay statements by appellant do not constitute summary judgment proof. *Youngstown Sheet and Tube Co. v. Penn.*, 363 S.W.2d 230 (Tex.1962); *Easter v. Mutual of Omaha Insurance Company*, 535 S.W.2d 700 (Tex.Civ.App.–El Paso 1976, no writ); *Massey v. Aztec Life Insurance Company*, 532 S.W.2d 702 (Tex.Civ.App.–Fort Worth 1976, no writ); *Covault v. Texas Instruments, Inc.*, 531 S.W.2d 441 (Tex.Civ.App.—Tyler 1975, no writ). TEX.R.CIV.P. 166–A(e) requires that affidavits in summary judgment proceedings be made on personal knowledge and "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein."

■ The only summary judgment proof on the issue of fraudulent concealment is appellant's statement in her affidavit that Dr. Hink never told her the growth he removed was benign. In the absence of any summary judgment proof that the growth in fact was benign and that appellee should not have sacrificed the femoral nerve to remove a benign growth, appellant has failed to offer any summary judgment proof of fraudulent concealment that will estop appellee from relying on the limitations defense.

In appellant's second argument in support of her sole point of error she mistakenly relies on TEX.INS.CODE ANN. art. 5.82 § 4. That statute applied only to physicians who were insured, but it was repealed in 1977. Art. 4590i § 10.01, the limitations statute applicable in the instant case, has no provision limiting it to insured physicians. Appellant's argument is without merit.

Finally, appellant argues the discovery rule applies and prevents the barring of her cause of action by the limitations statute. She argues that her cause of action did not accrue until she discovered her "legal injury" in 1985. The supreme court held in *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985) that the legislature's intent in passing art. 4590i § 10.01 was to abolish the discovery rule in cases governed by the Medical Liability Act. Appellant's "discovery rule" argument is without merit.

Appellant's sole point of error is overruled. The judgment of the trial court is affirmed.