**Joyce KRUEGER, Appellant,**

v.

**Alexander GOL, M.D., Appellee.**

**No. B14–89–0029–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 8, 1990.

Rehearing Denied April 5, 1990.

Richard J. Serpe, Kevin Dubose, Houston, for appellant.

Richard M. Law, Mary Hunnell Smith, Gordon M. Carver, III, Houston, for appellee.

Before ROBERTSON, SMITH and DRAUGHN, JJ.

## OPINION ON MOTION FOR REHEARING

DRAUGHN, Justice.

In an unpublished opinion, dated October 19, 1989, this Court affirmed the trial court's grant of a summary judgment in favor of appellee, Dr. Alexander Gol, a neurosurgeon. On January 18, 1990, we granted appellant's motion for rehearing and set the case for oral argument. On motion for rehearing, we withdraw the original opinion and replace it with the following opinion.

The question raised in this appeal is whether appellant, Joyce Krueger, sufficiently raised a fact issue concerning the timeliness of her discovery of alleged malpractice. We hold that she did, and therefore reverse the summary judgment, and remand the cause for a trial on the merits.

Krueger had been experiencing low back pain and numbness in her right leg when Dr. Gol diagnosed a disc herniation and performed a lumbar laminectomy and disc excision in September, 1982. When Krueger's symptoms did not improve, Dr. Gol did further diagnostic testing, and he performed a second lumbar laminectomy on her in June, 1983. Following each surgery,

Dr. Gol continued to treat Krueger with medication and physical therapy, with the treatment ending August 15, 1985. Krueger contends that, in "early 1987," a neurologist diagnosed her with multiple sclerosis, and informed her that the aforementioned surgeries were unnecessary. On December 18, 1987, Krueger notified Dr. Gol of her claim, in accordance with the Texas Medical Liability and Insurance Improvement Act ("the Act"), TEX.REV.CIV.STAT. ANN. art. 4590i, § 4.01(a) (Vernon Supp. 1990). She filed her Original Petition on February 29, 1988.

■ Dr. Gol filed a motion for summary judgment on the sole ground that the action was barred by the Act's two-year statute of limitations. TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1990). In opposition, Krueger filed an affidavit in which she asserted that it was not until "early 1987," more than three years after the second surgery, that a doctor informed her that she had multiple sclerosis and therefore the surgeries may not have been necessary. Krueger contends that the affidavit was competent summary judgment proof and it raised a fact issue as to whether she discovered the alleged malpractice within the two-year statute of limitations. As such, Krueger seeks to benefit from the "discovery rule," the principle that the strict two-year statute of limitations violates the open courts provision of the Texas Constitution when it is applied to a case in which the patient did not have a reasonable opportunity to discover the wrong and bring suit within two years. *See Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex.1985); *Nelson v. Krusen*, 678 S.W.2d 918, 923 (Tex. 1984).

■ However, Dr. Gol contends that Krueger waived the discovery rule by failing to plead the rule in her original, amended, or supplemental petition. *See* TEX.R. CIV.P. 94; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515 (Tex.1988). However, *in summary judgment cases*, the burden is on the movant to negate the discovery rule. *Id.* at 518 n. 2 (citing *Weaver v. Witt*, 561 S.W.2d 792, 794 (Tex.1977)). Only when the case proceeds to *a trial on the*

*merits* does the burden shift to the plaintiff to plead and prove the requirements of the discovery rule. *See Woods*, 769 S.W.2d at 515. As movant, Dr. Gol had to negate the discovery rule by proving as a matter of law there was no genuine issue of fact concerning the time when Krueger discovered or should have discovered the alleged malpractice.

■ Dr. Gol further contends that, in his motion for summary judgment, he conclusively established that his treatment of Krueger concluded on August 15, 1985, less than two years before Krueger claimed she discovered the alleged malpractice. The Act provides, in pertinent part:

Notwithstanding any other law, no health care liability may be commenced unless the action is filed within two years from the occurrence of the breach or tort *or* from the date the medical or health care treatment that is the subject of the claim *or* the hospitalization for which the claim is made is completed[.] TEX.REV. CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1990) (emphasis added).

The statute permits the limitations period to run from the date that treatment is completed in a situation wherein the alleged malpractice occurs during a course of health care for a particular condition and the only readily ascertainable date is the last day of treatment. *Kimball v. Brothers*, 741 S.W.2d 370 (Tex.1987). In her affidavit, Krueger admits that she learned of the alleged malpractice within two years of her last day of treatment by Dr. Gol. However, she did not complain about the treatment that followed her second surgery; rather, her allegation against Dr. Gol was that the back surgeries were unnecessary. Because both surgeries occurred more than two years prior to when she claims she was put on notice of a possible malpractice claim, her affidavit raised the issue of whether it was possible for her to discover the alleged malpractice within the time allowed by statute, or whether the statute as applied to Krueger would violate the open courts provision of the Texas Constitution. Thus, it became Dr. Gol's burden

to negate the discovery rule, and this he failed to do.

Finally, we consider Dr. Gol's contention that Krueger's affidavit is not proper summary judgment evidence and therefore did not preclude rendition of a summary judgment. TEX.R.CIV.P. 166a(e) requires affidavits to be made on personal knowledge, to set forth facts as would be admissible in evidence, and to show affirmatively that the affiant is competent to testify to the matters stated therein. In Krueger's affidavit, she stated:

> *I was not told* that the back surgeries performed on me by Dr. Gol may well have been unnecessary until early 1987. In early 1987, *Dr. Wolinsky told me* I had Multiple Sclerosis, and that the surgeries were unnecessary.
> Prior to Dr. Wolinsky's statements, *I had no knowledge that the surgeries may have been unnecessary.* (emphasis added).

 Nowhere does she affirmatively state that the affidavit was made on personal knowledge. In a summary judgment, however, an affidavit does not need to specifically state that it is made on personal knowledge if, as here, statements in the affidavit clearly show the affiant was speaking from personal knowledge. *General Prod. Co. v. Black Coral Inv.*, 715 S.W.2d 121, 122–23 (Tex.App.–Houston [14th Dist.], 1986, writ ref'd n.r.e.)

 In addition, Dr. Gol contends the statements would be inadmissible as evidence because they are hearsay. Hearsay statements made by a physician to a patient who is a party to a lawsuit are improper summary judgment proof in a medical malpractice action in which the opposing party asserts a statute of limitations. *Lopez v. Hink*, 757 S.W.2d 449, 450–51 (Tex.App.—Houston [14th Dist.] 1988, no writ). Krueger's affidavit mentions a statement ("Dr. Wolinsky told me ...") from a physician to her, but the statement is not hearsay because it is not "offered in evidence to prove the truth of the matter asserted." TEX.R.CIV.EVID. 801(d). Specifically, it is not offered to prove that she has multiple sclerosis or that her surgeries

were unnecessary. It is offered to show the date that Krueger was put on notice of a possible malpractice claim against Dr. Gol, and it is admissible.

For the foregoing reasons, we withdraw our opinion of October 19, 1989, and we reverse the summary judgment of the trial court and remand the cause for a trial on the merits.