Adolfo **CUELLAR, Sr., Alicia Cuellar, and Norma Jean Olivares, as next friend for Angelica Calderon, Appellants,**

v.

**CITY OF SAN ANTONIO, Appellee.**

**No. 04–91–00062–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 9, 1991.

Rehearing Denied Nov. 25, 1991.

Thomas C. Hall, Law Office of Tom Hall, P.C., San Antonio, for appellants.

Charles S. Frigerio, Hector X. Saenz, City Attorney's Office, Trial Section, San Antonio, for appellee.

Before CHAPA, BIERY and CARR, JJ.

## OPINION

CHAPA, Justice.

Appellants, Adolfo Cuellar, Sr., Alicia Cuellar, and Norma Jean Olivares, as next

friend for Angelica Calderon, appeal a summary judgment granted in favor of appellee, the City of San Antonio. The cause of action arose as a result of allegations that San Antonio police officer Stephen Smith shot and killed Adolfo Cuellar Jr., without justification or excuse, while Cuellar was in his front yard.

The issue is whether the trial court committed reversible error in granting the summary judgment.

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); TEX.R.CIV.P. 166a(c). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon*, 690 S.W.2d at 549; *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor. *Nixon*, 690 S.W.2d at 549; *Montgomery*, 669 S.W.2d at 311.

■ In reviewing summary judgment evidence, it is well established that sworn pleadings and denials to requests for admissions are not summary judgment evidence in Texas. *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980); *Hidalgo v. Surety Sav. and Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971). As such, a motion for summary judgment is a pleading and may not be considered as summary judgment evidence, *Kendall v. Whataburger, Inc.*, 759 S.W.2d 751, 754 (Tex.App.—Houston [1st Dist.] 1988, no writ), nor is a response to summary judgment competent summary judgment evidence. *Rhodes v. Interfirst Bank Fort Worth, N.A.*, 719 S.W.2d 263, 264 (Tex.App.—Fort Worth 1986, no writ). However, affidavits, depositions, interrogatories, and admissions are proper summary judgment evidence when referred to or incorporated in the motion for summary judgment, *Stewart v. U.S.*

*Leasing Corp.*, 702 S.W.2d 288, 290 (Tex. App.—Houston [1st Dist.] 1985, no writ), citing *First Fed. Sav. & Loan Ass'n v. Bustamante*, 609 S.W.2d 845, 849 (Tex.Civ. App.—San Antonio 1980, no writ), but the trial court may not receive extrinsic evidence, either oral or documentary, at the hearing on the motion for summary judgment. *State v. Easley*, 404 S.W.2d 296, 297 (Tex.1966); *Citizens State Bank of Dickinson v. Shapiro*, 575 S.W.2d 375 (Tex. Civ.App.—Tyler 1978, writ ref'd n.r.e.). Statements contained in a brief also do not constitute summary judgment proof. *Nationwide Fin. Corp. v. English*, 604 S.W.2d 458, 463 (Tex.Civ.App.—Tyler 1980, dism'd as moot).

■ If the judgment granting the motion for summary judgment does not specify upon which ground it is based, the appellant must show that all of the independent grounds alleged are insufficient to support the judgment in order to obtain reversal. *Rogers v. Ricane Enter., Inc.*, 772 S.W.2d 76, 79 (Tex.1989); *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

■ Supporting and opposing affidavits must be made on personal knowledge and set forth facts which would be admissible in evidence. TEX.R.CIV.P. 166a(f). Statements in an affidavit which are mere conclusions or which represent the affiant's opinion are insufficient. *See Wise v. Dallas Southwest Media Corp.*, 596 S.W.2d 533, 536 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.). The affidavit must set forth facts, not legal conclusions. *Beta Supply, Inc. v. G.E.A. Power Cooling Sys., Inc.*, 748 S.W.2d 541, 542 (Tex.App.— Houston [1st Dist.] 1988, writ denied); *Harbour Heights Dev., Inc. v. Seaback*, 596 S.W.2d 296, 297 (Tex.Civ.App.—Houston [14th Dist] 1980, no writ). Hearsay statements contained in an affidavit are not sufficient controverting evidence. *Youngstown Sheet & Tube Co. v. Penn*, 363 S.W.2d 230, 233 (Tex.1962); *Lopez v. Hink*, 757 S.W.2d 449, 451 (Tex.App.—Houston [14th Dist.] 1988, no writ); *Butler v. Hide-A-Way Lake Club, Inc.*, 730 S.W.2d 405,

411 (Tex.App.—Eastland 1987, writ ref'd n.r.e.).

In the present case, appellants filed a cause of action against the appellee pursuant to 42 U.S.C. 1983 contending "that Stephen Richard Smith, as an employee or agent of the Defendant City of San Antonio, operating under color of statute, ordinance, regulation, custom, or usage, deprived the Plaintiffs' Decedent [appellant] of rights, privileges, or immunities secured by the Federal Constitution or Federal Law" when Adolfo Cuellar was shot and killed by Smith. Appellants' further contended that the appellee, acting though its agent Smith, proximately caused the death of Cuellar as follows:

1. The Defendant City of San Antonio failed to adequately psychologically train and/or psychologically evaluate Stephen Richard Smith for fitness as a Police Officer, or, in the alternative, were grossly negligent in the psychological training and psychological evaluation of Stephen Richard Smith;

2. Defendant City of San Antonio, acting by and through its Principals or Vice Principals had actual knowledge of the unfitness of Stephen Richard Smith as a Police Officer prior to the death of Adolfo Cuellar, Jr. No action, or insufficient action, was taken in face of the knowledge of the facts made known to the Defendant City of San Antonio. The actions of Stephen Richard Smith, and others, in regard to the deprivation of rights, privileges, or immunities secured by the Federal Constitution, particularly the Fifth and Fourteenth Amendment's guarantee to be secure from the deprivation of life, liberty, or property without due process of law, amounted to a policy of the Defendant.

Appellee filed a motion for summary judgment, contending that it was entitled to judgment as a matter of law because 1) "if Stephen Smith was the sniper who intentionally killed Adolfo Cuellar, Jr. that said act on the part of Stephen Smith could not have been taken 'under color of law,' as a matter of law"; 2) "the City of San Antonio is immune from liability pursuant to the Texas Tort Claims Act, Chapter 101, Section 101.056 and Section 101.057, as a matter of law"; 3) and, because of "the defense of res judicata and collateral estoppel pursuant to federal lawsuit Civil No. SA–86–CA–1680 which was a class action, and all the issues alleged in the case at bar have been disposed of pursuant to the federal lawsuit in favor of the Defendant City of San Antonio."

In support of the summary judgment, appellee attached the affidavit of Albert Ortiz stating that he is "over the age of eighteen and ... capable of making this affidavit"; that he is a lieutenant with the San Antonio Police Department in charge of Homicide; that he has reviewed "numerous investigative files from the San Antonio Police Department, the Texas Rangers and the Federal Bureau of Investigation with regard to the Stephen Smith investigation subsequent to his [Smith's] death on August 18, 1986"; that he "was accepted by Circuit Judge Henry Politz as an expert in the field of criminal investigation and testified at the trial"; that he has "reviewed the criminal murder case of Adolfo Cuellar Jr. which occurred on August 31, 1985 between the hours of 02:50 AM and 03:05 AM"; that "after a thorough review of the facts of the case, the following issues are undisputed: At the time of the murder of Adolfo Cuellar Jr. mentioned above, Stephen Smith was off-duty from his patrol shift"; "[h]is working hours were from 15:00 until 23:00 according to the Log Sheets of the San Antonio Police Department"; that the weapon used in the murder of Adolfo Cuellar Jr., which was found in Smith's apartment following his death, "was never the property of the City of San Antonio Police Department"; and, that the San Antonio Police Department has never stocked nor owned the type of weapon used in the murder of Cuellar. However, as required by TEX.R.CIV.P. 166a(f), Ortiz's affidavit fails to reflect that the affidavit was "made on personal knowledge."

Appellants responded by contradicting appellee's allegations and produced a supporting affidavit by their attorney which stated that he is not disqualified to make

the affidavit; that he has "personal knowledge of the facts contained herein and they are true and correct"; that he is the attorney of record in this case and did not represent any of the claimants in federal lawsuit No. SA–86–CA–1680 or participate therein; that the federal lawsuit was originally certified as a class action, but later decertified as a class action prior to trial; that he is familiar with the evidence presented in said federal lawsuit; that it is anticipated that there will be a difference in the evidence presented in the federal lawsuit and this case, and a difference in the admissibility of the evidence because of the different rules of evidence; that some items of evidence are not available to date, but will possibly be vital evidence in the future; and, that the claimants herein were not represented in the federal lawsuit and did not testify therein.

The record further contains the affidavit of Rudy Vasquez, which states that he is not disqualified from executing the affidavit, that he has "personal knowledge of the facts contained herein and they are true and correct," and that the copies attached "are true and correct copies of documents produced by The City of San Antonio in response to discovery requests" in federal cause No. 86–SA–1680 and "were stipulated to by The City of San Antonio as true and correct copies." The attached copies were of the following:

1) Rules and Regulations of the San Antonio Police Department which, among other things, provide that "the Chief of Police shall be empowered to take disciplinary action or suspend indefinitely any other police employee for violation of these Rules and Regulations"; that police officers shall protect the life and property of the public, and be impartial towards complainants and violators; that police officers "shall not unnecessarily display their firearms"; that "[w]hile within the corporate limits of the City of San Antonio, officers of the San Antonio Police Department will consider themselves available for duty in any emergency situation, regardless of their actual duty status, and shall carry their police identification and an approved weapon";

that police officers "receiving or possessing facts or information relative to a criminal offense shall not conceal, ignore, distort, or retain such facts or information, but will report such facts through proper channels"; that "[a]ll officers will take immediate action to prevent any obvious felony offense, or to arrest, if reasonably possible, any known felony offender, and to protect all persons and property from imminent harm"; that officers "who have a reason to believe that another member of the Department should be investigated shall write a report to the Commander of the Internal Affairs Unit giving the details of that belief"; and, that "[n]o member shall conduct any investigation concerning any other member of the Department, except when directed to do so by proper authority";

2) portions of an oral deposition of San Antonio Chief of Police William O. Gibson wherein, among other things, he stated that a police officer is "considered to be on duty 24 hours a day"; and that police officers are "required to report crimes that are seen in their presence and they're required to serve the public in that regard";

3) portions of an oral deposition of former San Antonio Chief of Police Charles M. Rodriguez wherein, among other things, he stated that "the violation of any unlawfully adopted departmental rule or regulation by any department employee who is subject to same shall be sufficient cause for suspension or termination in accordance with the applicable law and the Fire and Civil Service Commission's procedure"; that lack of knowledge of the rules and regulations of the Police Department is never a defense to any disciplinary action, if the rules and regulations have been disseminated or posted as set forth in the regulations and the officer had a reasonable opportunity to become familiar with them; that a police officer within the corporate limits of the City of San Antonio will consider himself available for duty in any emergency situation, whether on actual duty

status or not, and shall carry his identification and weapon; that police officers, on or off duty, are required to take "prompt and effective police action conforming to departmental policies with respect to the violations of laws and ordinances and matters affecting public safety coming to their attention"; that police officers are required to preserve the peace, protect lives and property, take immediate action to prevent any obvious felony offense, arrest if possible any known felony offender, make written reports if they have reason to believe another officer should be investigated, but should not conduct investigation of other officers unless directed to do so by proper authority; and,

4) a Texas Department of Public Safety Criminal Law Enforcement Division report reflecting that in December of 1981, Cuellar's brother, Armando Cuellar, had been arrested for assaulting Smith and that Smith had checked out a mugshot of Armando Cuellar from the police department identification section on August 2, 1985; that on the night of August 31, 1985, between 2:50 A.M. and 4:05 A.M., Adolfo Cuellar was shot while he was drinking in front of his home by someone in a red truck with a white stripe; that there had been no disturbance prior to the time of the shooting; that the rifle used to kill Cuellar was found in the residence of Stephen Smith, after Smith was killed; and, that Bill Brown gave an oral statement to an officer of the Department of Public Safety stating that he was with Smith when Smith shot Cuellar.

Further, the record reflects that on the same day the summary judgment was granted, appellee responded to the affidavit of Rudy Vasquez with what it termed "Defendant City of San Antonio's Advisory to the Court", wherein appellee's counsel merely stated "that the testimony of Mr. William Brown further evidenced the fact that [Smith] only had the so called 'badge' and radio for one year said time frame being in '82 to '83, and therefore, outside the scope of the incident made the basis of the case at bar being Adolfo Cuellar Jr. which occurred on August 31, 1985"; "that

the testimony of Mr. William Brown was found to be not credible as evidenced by the verdict of the jury"; and, "that the Affidavit of Mr. Rudy Vasquez is incompetent evidence for the purposes of this Summary Judgment."

Because the court below failed to specify the ground upon which the summary judgment was based, appellant must show that all of the independent grounds alleged are insufficient to support the judgment in order to obtain a reversal. *Rogers*, 772 S.W.2d at 79.

However, we note that appellants have conceded in their appellate brief and in oral argument that they are not claiming under the Texas Tort Claims Act, and that they "alleged no state-law claims either directly or indirectly". Recognizing appellants' concession, appellee agreed in oral argument that it has abandoned before this court any efforts to justify its summary judgment on the basis of immunity. We will, therefore, not address the issue of immunity which everyone agrees is now irrelevant.

■ As a matter of fact, in its appellate brief, appellee has limited defending its summary judgment on the sole basis that there is no issue of fact as to one of the essential elements of a cause of action pursuant to 42 U.S.C. § 1983. That is, that as a matter of law, Stephen Smith was not acting under "color of authority" when Cuellar was killed. Appellee conceded in oral argument that since pleadings are not proper summary judgment evidence, the only proper summary judgment evidence in this record which supports this contention is the affidavit of Albert Ortiz. *Americana Motel, Inc.*, 610 S.W.2d at 143; *First Fed. Sav. & Loan Ass'n*, 609 S.W.2d at 849.

However, contrary to the requirements of TEX.R.CIV.P. 166(f), Ortiz's affidavit is not based on personal knowledge and sets forth facts which are not necessarily admissible in evidence. First, Ortiz's statements that he is a lieutenant with the San Antonio Police Department and that he has reviewed "numerous investigative files from

the San Antonio Police Department, the Texas Rangers and the Federal Bureau of Investigation with regard to the Stephen Smith investigation", do not as a matter of law make Ortiz an expert in any particular field. Second, Ortiz merely repeats what he saw in the log sheets of the San Antonio Police Department, which is not only objectionable based on the best evidence rule, but is also subject to an objection based on hearsay, and is insufficient to sustain the summary judgment. *Youngstown Sheet & Tube Co.*, 363 S.W.2d at 233. Third, assuming we ignore the forgoing objections, Ortiz's statement that the log sheets reflect that "[a]t the time of the murder of Adolfo Cuellar Jr. ..., Stephen Smith was off-duty from his patrol shift" does not establish as a matter of law, that at the time of Cuellar's death, Smith was not acting under "color of authority" as appellee contends. Fourth, even if Ortiz were an expert in "the field of criminal investigation" as his affidavit seems to suggest, he would still not be qualified as a matter of law to testify that Smith was or was not acting under "color of authority" at the time Cuellar was killed. Moreover, to conclude as a matter of law that Stephen Smith was not acting "under color of authority" at the time Cuellar was killed because the log sheets showed he was "off-duty from his patrol shift" would amount to a legal conclusion, which is also insufficient to support a summary judgment. *Beta Supply, Inc.*, 748 S.W.2d at 542. Thus, the summary judgment cannot be sustained on the grounds that appellee has established as a matter of law that Smith was not acting "under color of authority" at the time of Cuellar's death. Additionally, the record contains the testimony of two police chiefs and the Rules and Regulations of the San Antonio Police Department which suggest that a police officer is "considered to be on duty 24 hours a day."

Although appellee concedes in oral argument that the federal judgment is not final, and that the summary judgment was not justified based on the affirmative defenses of res adjudicata and collateral estoppel, we will nevertheless address the issue of res judicata and collateral estoppel.

A defendant moving for summary judgment on an affirmative defense must conclusively prove all elements of that defense. *Swilley*, 488 S.W.2d at 67. "Res judicata is an affirmative defense and can only be successfully interposed as a defense to a case on the merits." *International Bank of Commerce v. City of Laredo*, 608 S.W.2d 267, 269 (Tex.Civ.App.—San Antonio 1980, writ dism'd). Collateral estoppel is a defense constituting an avoidance and therefore, is also an affirmative defense. TEX.R.CIV.P. 94. If the first suit was decided in federal court, federal law controls the determination of whether res judicata will bar a later state court proceeding. *Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex.1985). Under federal law, the doctrine of res judicata will apply if: (1) the parties are identical in both suits; (2) the prior judgment is rendered by a court of competent jurisdiction; (3) there is a final judgment on the merits: and (4) the same cause of action is involved in both cases. *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir.1983). In order to invoke the doctrine of collateral estoppel, a party must establish that "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). "The party relying upon collateral estoppel must introduce into evidence the prior judgment and pleadings from the prior suit or the doctrine of collateral estoppel and res judicata is not applicable in the second proceeding." *Traweek v. Larkin*, 708 S.W.2d 942, 945 (Tex.App.—Tyler 1986, writ ref'd n.r.e.), citing *City of Houston v. Houston Chronicle Publishing Co.*, 673 S.W.2d 316, 321 (Tex.App.—Houston [1st Dist.] 1984, no writ).

In the present case, appellee failed to present summary judgment evidence before the court below to establish any of the elements of the affirmative defenses of res judicata or collateral estoppel, failed to introduce the prior judgment and pleading of

the prior suit, and failed to establish that the judgment was final. *Swilley,* 488 S.W.2d at 67; *Houston Chronicle Publishing Co.,* 673 S.W.2d at 321. Consequently, the summary judgment cannot be sustained on the grounds of the affirmative defenses of res judicata or collateral estoppel. The point is sustained.

The summary judgment is reversed, and the cause is remanded.

BIERY, Justice, concurring.

I concur.

At the outset, I note that TEX.R.CIV.P. 166a(f) requires that defects in the form of affidavits, such as not averring that it is made on personal knowledge, must be pointed out by objection at the trial court. There is nothing in the record which shows such an objection was made.

In the trial on the merits, the plaintiffs/appellants will have the burden to prove, among other things, that Stephen Smith pretended to act in the performance of his official duties or under color of law. *See Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Screws v. United States,* 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); *United States v. Classic,* 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). However, in the present summary judgment procedural posture of the case, the burden is on the City to prove conclusively that Smith was *not* acting under color of law. The summary judgment proof contains no evidence from either side as to what Smith did or said vis-a-vis his official police authority. Thus, the City failed in its heavy summary judgment burden. Whether there will be any such evidence in the trial on the merits when the burden shifts to the plaintiffs/appellants remains to be seen.[1]

---

**1.** The City argues that the fact that Stephen Smith was a police officer is not in and of itself conclusive of whether his alleged actions were done under color of law. Conversely, the fact that he was not on his official patrol shift does not prove as a matter of law that he did not pretend to act officially. Thus, a fact issue is born.