

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00413-CV

Billy **SEMMLER** as Representative of Marynell Semmler,
Appellant

v.

John R. **LANDER** and Kimberly Lander,
Appellees

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 16-09-0838-CVA
Honorable Russell Wilson, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: February 27, 2019

AFFIRMED

In this property dispute, Marynell Semmler, by her son and guardian Billy Semmler, appeals from the trial court's order granting summary judgment for John and Kimberly Lander. Because Semmler failed to raise a genuine issue of material fact on each essential element challenged in the Landers' no-evidence motion, and the Landers were entitled to judgment as a matter of law on Semmler's attorney's fees claim, the trial court did not err in rendering judgment for the Landers.

We affirm the trial court's judgment.

### BACKGROUND

The parties' dispute centers on ownership of an elongated triangle of land along the common boundary between their two properties.[1]

Semmler argues she acquired ownership of the elongated triangle of land by adverse possession. In her pleadings, she asserts that a decades-old fence extends from her tract to enclose an elongated triangle of the Landers' land. She insists her improvements to the fenced-in, elongated triangle land many years before the Landers purchased their tract meet several adverse possession statutes' requirements. Semmler sued the Landers to quiet title in herself and for adverse possession, declaratory judgment, injunctive relief, and attorney's fees.

After Semmler moved for traditional summary judgment, the Landers filed a combined no-evidence and traditional motion for summary judgment. Semmler responded to the Landers' no-evidence motion by filing an amended motion for traditional summary judgment and attaching seven exhibits.

The trial court sustained the Landers' objections to the first two exhibits but overruled their objections to the remaining five. The trial court denied Semmler's traditional motion, granted the Landers' no-evidence motion against all of Semmler's claims except her claim for attorney's fees, and granted the Landers's traditional motion against Semmler's attorney's fees claim.

On appeal, Semmler raises two issues: the trial court erred by granting the Landers' no-evidence motion against Semmler's quiet title, adverse possession, declaratory judgment, and injunctive relief claims, and it erred by granting the Landers' traditional motion on attorney's fees.

---

[1] The two tracts are each approximately 100 acres; the Semmler tract is northwest of the Lander tract. The Landers' assert, and Semmler did not dispute, that their respective deeds show that (1) the Semmler tract's southeast corner point is the same as the Lander tract's northeast corner point, (2) the Semmler tract's southwest corner point is the same as the Lander tract's northwest corner point, and (3) the common boundary line runs northeast to southwest for approximately 2,850 feet.

We briefly recite the applicable standards of review.

STANDARDS OF REVIEW

"We review grants of summary judgment de novo." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 219 (Tex. 2017) (citing *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)). "[W]e take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Cantey Hanger*, 467 S.W.3d at 481 (quoting *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). "[W]hen the motion asserts both no-evidence and traditional grounds, we first review the no-evidence grounds." *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

## A.      No-Evidence Motion

"After adequate time for discovery, a party . . . may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim . . . on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i); *accord KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015).

"To defeat a no-evidence motion, the non-movant must produce evidence raising a genuine issue of material fact as to the challenged elements." *Parker*, 514 S.W.3d at 220; *see Ridgway*, 135 S.W.3d at 600. "[T]he nonmovant must file a written response that points out evidence that raises a fact issue on the challenged elements." *Holloway v. Tex. Elec. Util. Const., Ltd.*, 282 S.W.3d 207, 213 (Tex. App.—Tyler 2009, no pet.); *accord Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) ("[I]n response to a no-evidence motion, the respondent must present some summary judgment evidence raising a genuine issue of material fact on the elements attacked, or the motion must be granted."). *See generally* TIMOTHY PATTON,

- 3 -

SUMMARY JUDGMENTS IN TEXAS §§ 5.05[2] (3d ed. 2018) (addressing nonmovant's burden to respond to a no-evidence motion).

Neither the motion for summary judgment nor the response are competent summary judgment evidence. *Cuellar v. City of San Antonio*, 821 S.W.2d 250, 252 (Tex. App.—San Antonio 1991, writ denied) (citing *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971)). Sworn pleadings are also not competent summary judgment evidence. *Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143, 143 (Tex. 1980) (per curiam); *see Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995).

If the nonmovant "produces no summary judgment evidence raising a genuine issue of material fact on [each of the challenged] elements," *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam), the trial court must grant the motion, TEX. R. CIV. P. 166a(i); *Sudan*, 199 S.W.3d at 292.

## B.     Traditional Motion

"A party moving for traditional summary judgment meets its burden by proving that there is no genuine issue of material fact and it is entitled to judgment as a matter of law." *Parker*, 514 S.W.3d at 220 (citing TEX. R. CIV. P. 166a(c)); *accord Hansen*, 525 S.W.3d at 681.

### NO-EVIDENCE MOTION AGAINST SEMMLER'S CLAIMS

In the no-evidence portion of the Landers' motion, it specifically identified at least one essential element of each of Semmler's claims for which it asserted Semmler had not produced any evidence. *See* TEX. R. CIV. P. 166a(i) (no-evidence motion requirements); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.). The Landers' no-evidence motion met Rule 166a(i)'s requirements and shifted the burden to Semmler to produce some evidence to raise a

genuine issue of material fact for each essential element that the Landers' no-evidence motion challenged. *See* TEX. R. CIV. P. 166a(i); *Parker*, 514 S.W.3d at 220.

After the Landers filed their no-evidence motion, Semmler filed a first amended motion for summary judgment and attached the same evidence from her original motion. The Landers did not object to the form of Semmler's amended motion as not being a proper response to a no-evidence motion,[2] but they moved to strike Semmler's summary judgment evidence.

The trial court sustained the Landers' objections to the single page survey plat and an aerial photograph; it excluded the two exhibits.[3] Semmler does not appeal the trial court's ruling, and we do not consider the stricken exhibits. *See John C. Flood of DC, Inc. v. SuperMedia, L.L.C.*, 408 S.W.3d 645, 656 (Tex. App.—Dallas 2013, pet. denied); *Rhodes v. Interfirst Bank Fort Worth, N.A.*, 719 S.W.2d 263, 265 (Tex. App.—Fort Worth 1986, no writ).

We will consider the remaining five exhibits Semmler produced[4] and determine whether they provide some evidence for each challenged essential element.

## A.      Exhibits to First Amended Motion for Summary Judgment

Semmler's five exhibits are (1) a copy of an original deed which describes the Semmler tract, (2) Billy Semmler's affidavit, (3) a Google Earth screen shot, (4) an aerial photograph of land with improvements on it, and (5) an excerpt of a document describing property. Billy Semmler's affidavit states in relevant part as follows:

> We have used said property as their [sic] own since said property was purchased in 1962. Said current fence line existed at that time and has not changed nor been disputed for a period of over 54 years. At all times during Plaintiffs possession of the property, Plaintiff has enjoyed the Property by, among other things, building a ranch house along with a water well. Plaintiff holds the Property in good faith and

---

[2] We will assume without deciding that Semmler's First Amended Motion for Summary Judgment, filed after the Landers' no-evidence motion, qualifies as a response to the no-evidence motion. *See* TEX. CIV. P. 45 (construing pleadings); *Gulf, C. & S.F. Ry. Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex. 1963) (construing pleadings liberally).
[3] Semmler identified the survey plat as Exhibit A and the aerial photograph as Exhibit B.
[4] Semmler identified the other five exhibits as Exhibits C, D, E, F, and G.

under an instrument purporting to convey the Property that is recorded in the property records of ATASCOSA County. Additionally, Plaintiff holds the property by virtue of the fence that existed at the time of purchase, which fence had already existed for an indefinite period of time.

Having listed the summary judgment evidence Semmler produced, we consider whether she met her burden to "point out evidence that raises a fact issue" for each challenged essential element for each of her claims. *See* TEX. R. CIV. P. 166a(i) cmt.; *Parker*, 514 S.W.3d at 220.

We begin with the quiet title claim.

## B.    Quiet Title Claim

"The elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied); *accord DTND Sierra Invs., LLC v. Deutsche Bank Nat. Tr. Co.*, No. 04-12-00817-CV, 2013 WL 4483436, at *3 (Tex. App.—San Antonio Aug. 21, 2013, pet. denied) (citing *Vernon*, 390 S.W.3d at 61).

Among other things, "[t]he plaintiff must prove, as a matter of law, that he has a right of ownership" in the claimed property. *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *accord Vernon*, 390 S.W.3d at 61 (citing *Essex Crane*, 371 S.W.3d at 388).

### 1.    Challenged Elements

In their no-evidence motion, the Landers asserted that Semmler produced no evidence that she owned any interest in the elongated triangle outside of that part contained on her own tract, that the elongated triangle includes land on the Lander tract, or that the Landers' deed is invalid or unenforceable. We agree.

*2.      Semmler's Response*

In her amended motion for summary judgment pleading, Semmler asserts that the "attached Exhibits purport to show a fence line which goes off and well into the [Landers' tract] in a[n] 'elongated triangle' shape, which property encompasses at least three (3) acres of land."  But Semmler's allegations in her motion for summary judgment are arguments in a pleading, not competent summary judgment proof, and we do not credit them as evidence.  *See Cuellar*, 821 S.W.2d at 252 (citing *Hidalgo*, 462 S.W.2d at 545).

*3.      Evaluating Semmler's Evidence of Title*

The competent evidence includes Billy's affidavit, which avers that Semmler has used "said property as [her] own since said property was purchased in 1962," and "[Semmler] has enjoyed the Property by, among other things, building a ranch house along with a water well," and that Semmler "holds the Property holds in good faith and under an instrument purporting to convey the Property that is recorded in the property records of ATASCOSA County."

But the Semmler tract deed and the title document excerpt are completely silent with respect to the elongated triangle: nothing in the documents describe, identify, or refer to the elongated triangle.  The tract deed and the title document are no evidence that Semmler has any ownership interest in the elongated triangle or that the Landers do not.

Similarly, the screen shot and aerial photograph show land and improvements, but there is no testimony or other evidence to explain how the exhibits relate to the elongated triangle or to either the Semmler or Lander tracts.

*4.      No Evidence on Challenged Elements*

Semmler provided no competent summary judgment proof that (1) she owns any interest in the elongated triangle outside of that part contained on her own tract, (2) that the elongated triangle includes land on the Lander tract, or (3) that the Landers' deed is invalid or unenforceable.

*Cf. DTND Sierra Invs.*, 2013 WL 4483436, at *3 (quiet title elements).  Semmler failed to meet her burden to point out evidence raising a genuine issue of material fact on each challenged essential element.  *See* Tex. R. Civ. P. 166a(i); *Sudan*, 199 S.W.3d at 292.

The trial court did not err in granting the Landers' no-evidence motion against Semmler's claim to quiet title.  We next address Semmler's claims of adverse possession.

## C.    Adverse Possession Claims

"'Adverse possession' means an actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person."  Tex. Civ. Prac. & Rem. Code Ann. § 16.021; *accord Tran v. Macha*, 213 S.W.3d 913, 914 (Tex. 2006) (per curiam).  "Joint use is not enough, because 'possession must be of such character as to indicate *unmistakably* an assertion of a claim of exclusive ownership in the occupant.'"  *Tran*, 213 S.W.3d at 914 (quoting *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990)).  A common element in each adverse possession statute is that the real property must be held in adverse possession by another.  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 16.021–.028.

Because the Landers' no-evidence motion challenged the elements of adverse possession, Semmler's burden was to produce some evidence that she appropriated the Landers' real property, *see Parker*, 514 S.W.3d at 220, and made an unmistakable claim of exclusive ownership to some of the Landers' property, *see Tran*, 213 S.W.3d at 914.

We take Semmler's evidence as true and make reasonable inferences in her favor, *see Cantey Hanger*, 467 S.W.3d at 481 (quoting *Valence Operating Co.*, 164 S.W.3d at 661), but we nevertheless conclude that Semmler neither produced nor pointed to evidence that the land she describes as the elongated triangle is in full, or in part, on the Lander tract.  Billy's affidavit statements that Semmler made improvements to and used "said property," and the fence line has not changed for fifty-four years are no evidence that the "said property" was on the Lander tract,

or that Semmler had exercised exclusive ownership over real property that was part of the Lander tract. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.021; *Tran*, 213 S.W.3d at 914.

The trial court did not err in granting the Landers' no-evidence motion against Semmler's adverse possession claims.

**D.    Declaratory Judgment**

Semmler sought "a declaratory judgment that [Semmler] is the sole and rightful owner[] of the Property[,] [w]hich property as highlighted in Exhibits 'A' 'B' and 'C' and also referred to as the 'elongated triangle.'" *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(c) (authorizing a declaratory judgment action "when the sole issue concerning title to real property is the determination of the proper boundary line between adjoining properties"); *Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004).

In their no-evidence motion, the Landers assert that Semmler produced no evidence of any deed or writing that supports her claim to any land within the Lander tract.

As we previously noted, Semmler produced no competent summary judgment proof that she owns any interest in the elongated triangle outside of that part contained on her own tract or that the elongated triangle includes land on the Lander tract. Semmler produced no evidence of any deed or writing that describes the specific location and bounds of the elongated triangle, or that the elongated triangle was within the boundaries of Semmler's tract. *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (permitting a declaratory judgment action to construe a deed); *Lance v. Robinson*, 543 S.W.3d 723, 735–36 (Tex. 2018).

The trial court did not err in granting the Landers' no-evidence motion against Semmler's declaratory judgment claim. We turn next to Semmler's petition for injunctive relief.

**E.    Injunctive Relief**

"To obtain a temporary injunction, [Semmler had to] plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

The Landers' no-evidence motion specifically challenged the essential element of imminent harm. *See id.*; *Savering v. City of Mansfield*, 505 S.W.3d 33, 49 (Tex. App.—Fort Worth 2016, pet. denied) (identifying imminent harm as a sub-element of probable injury); *Camp Mystic, Inc. v. Eastland*, 399 S.W.3d 266, 273 (Tex. App.—San Antonio 2012, no pet.) (same).

In response, Semmler produced the five exhibits, but none provides any evidence of imminent harm. The Semmler deed and the excerpt of a property description describe property, but they simply do not address, and are no evidence of, imminent harm. The Google Earth screen shot and the aerial photograph are aerial views of property; they are likewise no evidence of imminent harm. Billy's affidavit contains no assertion that imminent harm exists or any evidence to show imminent harm. *Contra Butnaru*, 84 S.W.3d at 204; *Camp Mystic*, 399 S.W.3d at 273.

Given a complete absence of any evidence of imminent harm, the trial court did not err in granting the Landers' no-evidence motion against Semmler's request for injunctive relief. *See* Tex. R. Civ. P. 166a(i); *Sudan*, 199 S.W.3d at 292.

Having determined that the trial court did not err in granting the Landers' no-evidence motion against Semmler's claims for quiet title, adverse possession, declaratory judgment, and injunctive relief, we overrule Semmler's first issue.

#### ATTORNEY'S FEES

In her second issue, Semmler argues that the trial court erred by granting the Landers' traditional motion for summary judgment on the question of attorney's fees.

But she misunderstands the trial court's judgment as *granting* attorney's fees *for* the Landers. The Landers did not move for attorney's fees, and as Semmler correctly states, the trial court could not have properly awarded attorney's fees to the Landers. The record conclusively establishes that the trial court did not *award* attorney's fees to the Landers; it *denied* Semmler's claim for *her* attorney's fees.

In her brief, Semmler does not argue or provide any authority to show why she is entitled to her attorney's fees, and we may not make that argument on her behalf.[5] *See* TEX. R. APP. P. 38.1(i) (requiring "clear and concise argument for the contentions made"); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (discussing briefing waiver). To the degree that Semmler sought to alter the trial court's judgment with respect to her claim for attorney's fees, Semmler has waived her complaint. *See* TEX. R. APP. P. 38.1(i); *Canton-Carter*, 271 S.W.3d at 931.

## CONCLUSION

In response to the Landers' no-evidence motion that specifically challenged at least one essential element of each of Semmler's claims, Semmler failed to meet her burden to produce evidence raising a genuine issue of material fact for each challenged essential element for each of her claims. Thus, the trial court did not err in granting the no-evidence motion against Semmler's claims for quiet title, adverse possession, declaratory judgment, and injunctive relief.

Further, because Semmler's second issue misunderstands the judgment and her brief presents nothing for review on her attorney's fees issue, she has waived her complaint.

---

[5] "To do so would force this court to stray from our role as a neutral adjudicator and become an advocate for [A]ppellant." *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *accord Olivarri v. Olivarri*, No. 04-17-00477-CV, 2018 WL 2418467, at *2 (Tex. App.—San Antonio May 30, 2018, no pet.) (mem. op.).

Having overruled Semmler's first issue and concluded that she waived her second, we affirm the trial court's judgment.[6]

Patricia O. Alvarez, Justice

---

[6] The Landers' motion for an order affirming the trial court's judgment is moot.