**Dan CONNAWAY and Mona Connaway, Appellants,**

v.

**VILLAGE FARMS, L.P., Appellee.**

No. 05–05–01281–CV.

Court of Appeals of Texas, Dallas.

Aug. 31, 2006.

Cory Wayne Smith, Galow, Smith & Morrison, Austin, for Appellant.

Matthew Ryan Pickelman, Quilling, Selander, Cummiskey & Lownds, P.C., Dallas, for Appellee.

Before Justices FITZGERALD, FRANCIS, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

Dan Connaway and Mona Connaway appeal the trial court's summary judgment dismissing their claim of negligence against Village Farms, L.P. The Connaways alleged that Village Farms materially altered the natural vegetation of its property near Fort Davis in west Texas, resulting in a large dust cloud that obscured visibility on the highway during a period of heavy wind and caused an accident between the Connaways and another vehicle. Village Farms filed a joint no-evidence and traditional motion for summary judgment. The trial court granted Village Farms's motion without specifying the grounds on which it ruled. We affirm.

### BACKGROUND

Around 1:30 p.m. on March 18, 2003, Dan and Mona Connaway were vacationing in west Texas on their motorcycle. From a distance of several miles, Dan saw a big "brown cloud" over the highway but did not know whether it was a cloud or a mirage. He continued to drive the motorcycle toward the dust cloud. About that same time, Steven Beebe and his family were driving on the same highway in their sports utility vehicle, but in the opposite direction from the Connaways. The Beebes saw the dust cloud covering the highway and thought it was too unsafe to drive through. Steven Beebe drove onto the shoulder before reaching the dust cloud to contemplate what to do. Behind

them an eighteen-wheeler was approaching fast and, because they feared the dust cloud would engulf them and the truck driver might not see them on the side of the road, Beebe decided to make a U-turn on the highway and head away from the dust cloud. As he began to make the U-turn, the Connaways were entering the dust cloud. Dan Connaway said he first saw the SUV about two yards before he entered the dust cloud. He steered the motorcycle into oncoming traffic in an attempt to avoid the SUV, but hit the back of the SUV with the right side of the motorcycle and his right leg. The accident occurred about 150 feet north of Village Farms's tomato farm. Both the Connaways were injured and sued Village Farms for negligence. The Connaways alleged that Village Farms, by keeping the area around the greenhouse clear of vegetation, created an unnatural condition on the land that caused the dust cloud, resulting in low visibility and causing the accident.

In their sole issue on appeal, the Connaways argue the trial court erred by granting Village Farms's motion for summary judgment. Village Farms argues it owed no duty to the Connaways but, even if it did, the Connaways did not produce evidence to raise a fact issue on the issue of proximate cause. We agree.

### STANDARD OF REVIEW

We review a grant of summary judgment de novo. *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). When the trial court fails to specify the grounds upon which it granted summary judgment, we will affirm the judgment if any one of the theories advanced in the motion is meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

When a movant asserts there is no evidence of one or more essential elements of the nonmovant's claims, the burden shifts to the nonmovant to present enough evidence to raise a genuine fact issue on the challenged elements. Tex.R. Civ. P. 166a(i); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002). If the nonmovant is unable to provide enough evidence, the trial judge must grant the motion. *Wyndham Int'l, Inc. v. Ace Am. Ins. Co.,* 186 S.W.3d 682, 686 (Tex.App.-Dallas 2006, no pet.). Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply to reviewing a directed verdict. *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 750–51 (Tex.2003); *Patino v. Complete Tire, Inc.,* 158 S.W.3d 655, 659 (Tex. App.-Dallas 2005, pet. denied). We consider all the evidence in the light most favorable to the party against whom the trial court rendered the no-evidence summary judgment, disregarding all contrary evidence and inferences. *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 601 (Tex.2004); *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997); *Patino,* 158 S.W.3d at 659. The trial court properly grants a no-evidence summary judgment if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Gen. Mills Rest., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 833 (Tex.App.-Dallas 2000, no pet.). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner,* 953 S.W.2d at 711.

## DISCUSSION

In response to Village Farms's motion for summary judgment, the Conna-ways argued the evidence showed that dust from Village Farms proximately caused the accident. They specifically argue the evidence shows that visibility was only a problem at the point of the highway abutting Village Farms's tomato farm.

In a negligence case, a plaintiff must prove the defendant owed a legal duty to the plaintiff, the defendant breached that duty, and that the breach proximately caused plaintiff's injuries. *W. Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex.2005). Assuming, without deciding, that Village Farms owed a duty to the Connaways and breached that duty, we consider whether the Connaways produced evidence that the breach proximately caused the accident.

Proximate cause consists of cause in fact and foreseeability. *Sw. Key Program, Inc. v. Gil–Perez,* 81 S.W.3d 269, 274 (Tex.2002); *Doe v. Boys Club of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex. 1995). These elements cannot be established by mere conjecture, guess, or speculation. *Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d at 477.

The test for cause in fact is whether the negligent act was a substantial factor in bringing about the injury, without which the harm would not have occurred. *See Sw. Key Program, Inc.,* 81 S.W.3d at 274; *Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d at 477. Cause in fact is not shown if the defendant's negligence merely provided a condition that made the injury possible. *Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d at 477. Rather, the evidence must go further and show that the negligence was the proximate, and not the remote, cause of the resulting injuries and justify the conclusion that the injury was the natural and probable result of the negligence. *Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d at 477; *Wal–Mart*

*Stores, Inc. v. Sholl*, 990 S.W.2d 412, 417 (Tex.App.-Corpus Christi 1999, pet. denied). Even if the injury would not have occurred "but for" the defendant's conduct, the connection between the defendant and the plaintiff's injuries may be too attenuated to constitute legal cause. *Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d at 477; *Sholl*, 990 S.W.2d at 417.

The test for foreseeability is whether a person of ordinary intelligence should have anticipated the danger created by the negligent act. *Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 737 (Tex.1998). Like cause in fact, the emphasis of foreseeability is on the alleged negligent act or omission, requiring the plaintiff to show the injury was the type that should have been reasonably anticipated from such an act or omission. *Phan Son Van v. Pena*, 990 S.W.2d 751, 755 (Tex.1999). Although the particular accident complained of need not have been foreseen, the injury must be one that might be reasonably contemplated as a result of the defendant's conduct. *Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d at 478. Foreseeability requires more than viewing the facts in retrospect and theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury. *Id.* Foreseeability requires a practical inquiry based on common experience applied to human conduct. *Id.*

The Connaways offered the deposition testimony of Dan Connaway; Steven Beebe; Jessie Pena, a local park ranger and volunteer firefighter/paramedic; and Shirley Marcario, Village Farm's representative, to show that Village Farms proximately caused the accident.

Beebe testified that the dust cloud came from the area of the agricultural building on Village Farms's tomato farm. He testified there was a "large field and a high wind. I think the two together caused it."

He said the dust continued to blow for three hours after the accident. He overheard general conversation among the officers that this dust storm was the worst they had ever seen.

Pena testified that March produces some of the highest winds of the year and that, on the day of the accident, it was "very windy." He said it was hazy and visibility had been reduced from fifty miles to "maybe ten miles." He also testified that Village Farms kept the land surrounding its forty-acre greenhouse free of vegetation and the dirt had nothing to hold it. He estimated the area free of vegetation began fifty to one hundred feet from the shoulder of the highway. Although he testified that he attributed the dust in the area around the accident as coming from the tomato farm, he offered no testimony or evidence connecting the dust that obscured the highway to the plowed strip around the greenhouse. Pena also said highway visibility usually worsened around the farm in high winds, but he had never seen an accident there and had encountered visibility problems around other farms in the area. And on another section of this same highway, between two other towns, Pena said the "road gets so bad because of all the farming they do out there. DPS shuts that road down from time to time because the visibility is so poor. There's been people killed on that highway because of low visibility."

Marcario testified that the Village Farms facility is located in a mesa plateau in the high desert region called the Chihuahuan Desert. She said March is one of the driest months at their Fort Davis facility and that dust storms are not unusual in west Texas at that time because of the dry and windy conditions. She explained that Village Farms clears the vegetation around its greenhouses to protect the tomato crops from weeds, insects, rodent

activity, and cross-contamination with the dust and dirt. She said Village Farms accomplishes this task by taking a backhoe, dropping the blade on the ground next to the greenhouse, and dragging it around the greenhouse. Village Farms then compacts this approximate five-foot strip by dropping the bucket onto the dirt. Village Farm normally waits until the ground has natural moisture in it to do this procedure and, during the rest of the year, employs individuals to hoe around the greenhouse to keep the weeds down.

This deposition testimony shows only that the witnesses believed the dust came from Village Farms. Beebe's testimony that the dust came from Village Farms is conclusory and speculative and not based on fact. Pena testified the day was hazy and visibility as a whole was reduced from fifty miles to maybe ten miles. He also testified that dust all along that highway is a problem at times. The Connaways offered no evidence, other than speculation and conjecture, that the dust in the cloud covering the highway was dust from Village Farms. They offered no evidence that the compacted dirt in the five-foot strip around the greenhouse created the dust cloud that obscured their visibility that day. We conclude the evidence offered by the Connaways is less than a scintilla to show that but for Village Farms's act of clearing a five-foot strip from around their greenhouse, the accident would not have occurred.

### Conclusion

We conclude the trial court did not err by granting Village Farms's motion for summary judgment. We affirm the trial court's judgment.